**BALDWIN et al. v. WARWICK.**
No. 13531.

United States Court of Appeals
Ninth Circuit.
June 10, 1954.

W. T. Choisser, Frank W. Beer, Hess Seaman, Phoenix, Ariz., for appellants.

Darrell R. Parker, Phoenix, Ariz., for appellee.

Before HEALY, ORR, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

Federal jurisdiction in this case is asserted and conceded on diversity grounds. Appellee sued for damages alleging that appellants, pursuant to a conspiracy between them, had defrauded him of $4800 by a trick and device inducing amnesia in him by means of drugged drinks. In addition to a prayer for the recovery of that sum, he asked punitive damages in the amount of $100,000. The jury returned a verdict awarding him $54,500 of which it is clear that $4,500 was for actual and the rest for punitive damages. Appellants moved for a new trial, grounding their motion in part on a claim of excessive damages appearing to have been given under the influence of passion and prejudice. The motion was denied.

In brief, the evidence on appellee's behalf shows that he was sought out by appellants purportedly to discuss real estate, he being a dealer therein. Pursuant to the discussion he picked up the two appellants at San Diego to show them some property in La Jolla. On the way to the latter place the three stopped several times at bars, each time shaking dice to determine who should pay for the drinks. Presently they began shaking dice for money. Appellee testified that at this juncture a cocktail shaker containing unpoured drinks was set beside one

of the appellants. Appellee's mind shortly became hazy and he recalled only that his glass was thereafter kept full by appellant Bowman, the possessor of the cocktail shaker. An inference drawable from his testimony is that the drinks served him were drugged.

Appellee lost heavily in the game, making out in the course of it three checks for a total of $4500, though he did not recall having done so. These checks appellants promptly cashed. Appellee remembered only that at 6 p. m. that evening he awoke on a bench at the Del Mar race track and that his pockets were shy $300 in cash which he had had that morning.

The position of the defense was that the drinking and gambling on appellee's part was voluntary, that there was no drugging of his drinks, and that he was at all times aware of what he was about. The parties are in agreement that, absent a statute, the law will normally leave those who participate in a gambling transaction in the place where their activity finds them. Nor is there disagreement on the proposition that restitution may be had if the loser is the victim of coercion, undue influence, fraud, or kindred evil practices. The trial judge was of opinion that while the evidence in support of the allegations of the complaint was "pretty weak" there was sufficient showing in that respect to carry the case to the jury.

▇▇▇ We are not prepared to say that the judge was wrong in so ruling. However, we are of opinion that the verdict was grossly excessive, if not to say "monstrous," and accordingly hold that the unconditional denial of the motion for a new trial amounted to an abuse of discretion on the part of the court, necessitating a vacation of the judgment. Cf.

Southern Pacific Co. v. Guthrie, 9 Cir., 186 F.2d 926.

▇▇▇ Inasmuch as the case may again be tried, other contentions made by appellants should be noticed. One of these relates to the admission of allegedly improper evidence. Four real estate men, Hinton, Evans, Oxley and Upshaw, were permitted, over objection, to testify to experiences of a similar nature they were said to have had with appellants. The evidence was admitted on the theory that it tended to show an overall plan or design on appellants' part. It is to be gathered from the testimony of Hinton and Evans that the defendants on like business pretexts succeeded in getting them groggy from drink and in winning heavily from them at cards. An inference that their drinks were drugged is tenable. Their testimony would appear to have been properly admitted for the limited purpose of showing the existence of an overall scheme. But as regards the witnesses Oxley and Upshaw, it is plain that they offered no material information on the subject. Their testimony was probably not prejudicial, but in the event of another trial it should be excluded as immaterial.

Complaints are made of the giving of certain instructions and of the refusal of the court to give others requested by appellants. We have considered these assignments of error and are of opinion that they are not well taken.

The judgment is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. The district court is at liberty, if so minded, to order a new trial, or in the alternative to condition a denial thereof upon remittitur of an important percentage of the amount awarded as punitive damages.