**UNITED STATES of America,**
**Appellant,**

v.

**Margery Thayer MILLER, Appellee.**

**No. 18281.**

United States Court of Appeals
Ninth Circuit.

April 8, 1964.

John W. Douglas, Asst. Atty. Gen., Charles A. Muecke, U. S. Atty., Alan S. Rosenthal and David J. McCarthy, Jr., Attys., Dept. of Justice, Washington, D. C., appellant.

O'Connor, Anderson, Westover, Killingsworth & Beshears, John F. Swartz, Harry J. Cavanagh, and John P. Otto, Phoenix, Ariz., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

CHAMBERS, Circuit Judge.

The main question here is: Did the United States gain a windfall when Margery Thayer Miller made an election to take an award of the Arizona Industrial Commission after the death of her husband in September, 1958?

One year, ten months and fourteen days after the first written election, she made a second election; this time it was to sue the United States under the Federal Tort Claims Act. The government concedes its negligence caused the death of Cutler R. Miller, Margery Miller's husband. The district court sustained Mrs. Miller's contention that her first written election was made in ignorance of the law and the facts, and that, therefore, she could make another election at the Industrial Commission to pursue the United States and it would be all right. We agree and affirm.

This is not a case where someone really relied on Mrs. Miller's first election.

One can go along with Mrs. Miller's position and still believe in the sanctity of a promise.

The facts are not quite the same but our decision here, to us, is clearly forecast by our Merritt-Chapman & Scott Corporation v. Frazier, 289 F.2d 849, and Taylor v. Hubbell, 188 F.2d 106.

Here we should relate that Cutler Miller, the deceased was an employee of Motorola, Inc., a radio-television company doing business in Phoenix and apparently at Fort Huachuca, Arizona. While an authorized passenger in an army plane and within the scope of his Motorola employment, the plane crashed due to someone's negligence in the army. Mrs. Miller and three young sons survived.

Six days after Miller's death, his wife, in behalf of herself and their three minor children, filed a claim with the Industrial Commission of Arizona for benefits under Arizona's Workmen's Compensation Law. Motorola was self insured and obligated to pay any proper award made by the Commission to Mrs. Miller.

On October 29, 1958, 34 days after filing the claim, Mrs. Miller upon request appeared at the Commission office and was interviewed by a claims officer. At his suggestion she signed an "Election of Remedy" paper. Under the blank document three options were listed:

1. Waive claims under the compensation law and proceed against a third party defendant.

2. Proceed against third party defendant, but look to compensation law for any deficiency not obtained from the third party.

3. Take only the benefits of the compensation law. (The three options follow § 23–1023, A.R.S.)

It is to be noted that no named third party was in the form and none was inserted. Further, the form reads more as if it was prepared for an injured workman to sign, not his widow. Be that as it may, Mrs. Miller elected the third option, which was to take the ben-

efits of the compensation act exclusively.[1] Previously on October 1, 1958, the Commission had made an award, but apparently on October 29, the date of the election document, the first monthly payment had not been made.

Mrs. Miller accepted monthly payments until the fall of 1960. Then on September 12, 1960, she filed at the Industrial Commission of Arizona, using the same type of form, an election of option No. 2. This permits a claim against a third party. Then she promptly filed suit against the United States. The purpose of the second election was to supersede the first. But the United States says it acquired vested rights under the first election. But the district court excused Mrs. Miller on her pleading and testimony that she had made a mistake of both law and fact. Mrs. Miller was a highly educated woman. She apparently was advised promptly that there was some fault on the part of the government, but she also had learned the historical concept of sovereign immunity: "You can't sue your government." She had not been advised of the existence of the Federal Tort Claims Act. She had no advice from the attorney probating her husband's estate and the Commission's man gave none.

We shall not catalogue the Arizona constitutional and statutory provisions or the applicable Arizona state cases. They can all be found by reference to our Merritt-Chapman & Scott case, supra.

Arizona, our research indicates, has not expressly reached either the question of Merritt-Chapman or of this case. This case is a variation of Merritt-Chapman. In Merritt-Chapman the change in election was made during the period when the Commission's award was still subject to rehearing. Essentially, the third party in Merritt-Chapman argued that a contract had been made of which it was entitled to the benefit; that the election had to be tied in to the award. This court met the third party upon the ground which the party chose and answered that there was nothing final about the award during the period that it was open to reconsideration.

Here in Miller the election was made after the award and the 20 day period for an ordinary rehearing had gone by.

■ We need not repudiate Merritt-Chapman to sustain Miller on a different ground. We are of the opinion that the Arizona Supreme Court would not hold Mrs. Miller to her first election by filing a claim with the Commission or by the first written election. We are satisfied from our reading of the Pressley cases, Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011, and State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992, that Arizona would say that the filing of the claim with the Commission and the first written election were voidable by the claimant if there had not been an intentional abandonment of a known right or privilege and even though almost two years had elapsed when Mrs. Miller discovered her rights.

The Arizona court's policy of liberality for the injured workman is well established. One small instance is illustrated in the second Pressley case, supra, where the court gives two different (and opposite) constructions in favor of the workman on the word "compensation" appearing in Section 23–1023, A.R.S., in two different places. The court is quite frank about its policy and even refers one to West Publishing Key Number 51

1. § 23–1024 A.R.S. provides:
"Choice of remedy as waiver of alternate remedy
"A. An employee, or his legal representative in event death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives the right to exercise any option to institute proceedings in court.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceedings in court waives any right to an award or direct payment of compensation from his employer."
The first written waiver here really is of less import as a waiver than the filing of the claim.

of Workman's Compensation to see its recurring examples of its policy. (The foregoing is not intended in any way as a criticism of the Court. Its candor helps us predict what it would do with Mrs. Miller's case.)

The government relies on Arizona cases, most of which are cited in Merritt-Chapman, where on coverage elections made by a workman on entering employment, the workman was held to his election.[2] Of course, that is essentially a bilateral matter. Other persons rely on the election. And it is hard for the workman to make a mistake on that. (He may later recognize a mistake in judgment.) But if he initially waives workman's compensation under the act, it is hard for him to not know he is doing it and he usually knows someone is relying on his election.

██ Much different it is in a post accident claim with a widow. The Arizona law in matters such as this holds mistake of law is as good as mistake of fact.[3] We cannot find the trial court's finding of mistake clearly erroneous. Further, we hold that the change of election was timely.[4] The government's brief is an excellent one, but we think fundamentally wrong. We hold that Mrs. Miller's first election did not make the government a present of the damages here. (We recognize that Motorola might have had and may still have some rights against the United States.)

██ Finally, the government objects that the district court did not "find the facts specially" on the damage. Rule 52(a), Federal Rules of Civil Procedure. The court just found one lump sum. Appellee makes a pretty fair explanation of how the court arrived at a total award, but we believe the government should

have been told something more about the award of $225,000.

We do not believe the appellant was entitled to a long list of details, but the court should have separated the loss of earnings (support) from the loss of affection and related items. In saying this, we do not wish to encourage minutiae in findings.

However, we believe the error, if such it was, was harmless. About 85 per cent of the award would seem to be justified as the present value of the loss of support. The rest would not seem "monstrous" for the less tangible factors allowable in Arizona. We are not required to assume the preposterous that the judge allowed, for example, $220,000 for loss of affection and $5,000 for loss of earnings. Our powers of review of damage are so limited[5] that we believe that the possible error was harmless. In another case, the failure to make some split of the damages might be reversible error. Findings on one hand ordinarily should go further than "guilty" or "not guilty." They should be succinct and should not be cumbersome or analyze the evidence. The ultimate facts are what is wanted.

██ It would appear that also pending in the same district court is Motorola's case against the United States, presumably to recover the former's payments to Mrs. Miller which ought to be deducted from her award against the United States. Consolidation would seem desirable. The district court is authorized to open up the judgment herein, to make such consolidation of cases and adjustment of Motorola's claim vis-a-vis Mrs. Miller and the United States as may seem necessary.

The judgment is affirmed, but proceedings as indicated above are authorized.

2. E. g., Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745.

3. Merritt-Chapman & Scott Corporation v. Frazier, cited supra.

4. How long one has to discover one's mistake we would assume would probably be

governed ordinarily by the statute of limitations on suing the third party.

5. Southern Pacific Co. v. Guthrie, 9 Cir., 186 F.2d 926; Baldwin v. Warwick, 9 Cir., 213 F.2d 485; Union Pacific R. Co. v. Johnson, 9 Cir., 249 F.2d 674.