448 P.2d 391

Alene O. HEETER and Jimmie S. Heeter, wife and husband, Appellants,

v.

MOORE DRUG COMPANY, Inc., a corporation, Appellee.

No. 8417.

Supreme Court of Arizona.
In Division.
Dec. 10, 1968.

**42**

See also 103 Ariz. 524, 446 P.2d 686.

Alan Philip Bayham, Phoenix, for appellants.

Robert K. Park, by Joyce Volts, Phoenix, for appellee, the Industrial Commission of Arizona.

UDALL, Vice Chief Justice:

On December 8, 1958 Alene Heeter, hereinafter referred to as claimant, allegedly sustained injuries as the result of an accident which occurred on the premises of her employer, Moore Drug Company. Some 17 months later, on June 1, 1960 claimant submitted a Workman's Report of Injury to the Industrial Commission of Arizona. The commission, pursuant to A.R.S. § 23–1061 (requiring claims to be filed within one year after injury), found that it had no jurisdiction over the claim and gave claimant twenty days to apply for a rehearing. Claimant timely filed a petition for rehearing and the matter was set for October 11, 1960. The hearing was cancelled at the request of counsel for claimant.

Claimant then filed a complaint in the Superior Court. The complaint alleged that on December 8, 1958 claimant was an employee of Moore Drug; that Moore Drug was covered by Workmen's Compensation at the time but had failed to post on the premises a notice to the employees of their right to reject the benefits of Workmen's Compensation; that because the notice was not posted claimant had the option

to present a claim to the Superior Court; and that because of the negligence of Moore Drug or its employees claimant fell over a box in an aisle and sustained the injuries complained of.

Moore Drug filed its answer and raised affirmatively the defense of lack of jurisdiction alleging that notice was posted and that claimant's exclusive remedy was under the Arizona Workmen's Compensation Act.

On the motion of Moore Drug the matter was set down for a hearing on the question of jurisdiction. See State ex rel. Industrial Comm. v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952). The court heard evidence on the issue of whether notice was posted. Five persons testified that at the time of the alleged accident the notice was posted on a wall near where the employees gathered for "coffee breaks." Three persons, including claimant, testified that they had not seen the notice. At the close of the testimony the court stated that it was concerned with only one question and that was whether the notice was posted in a conspicuous place as required by statute. Moore Drug offered to present further evidence on that issue but the court declined. The court found that it had jurisdiction over the claim.

Moore Drug then moved for a new trial of the jurisdictional question on the grounds that it was surprised by the issue of conspicuity of posting. The motion was granted.

Two years later the matter was heard for the second time. At that hearing the court found that the notice was conspicuously posted and dismissed the complaint. Claimant moved for a new trial and when the motion was denied filed this appeal.

The only question raised on appeal is whether the court abused its discretion in granting Moore Drug's motion for a new trial after the first hearing on the question of jurisdiction.

■ We note the argument that the rule of law followed in the case of Morgan v. Hays, 102 Ariz. 150, 426 P.2d 647 (1967), is applicable here. In that case we upheld the finding of the trial court that by applying for, and receiving, Workmen's Compensation benefits the claimant waived his right to sue his employer for negligence. See A.R.S. § 23–1024. In Morgan the claimant had been advised by his attorneys that his exclusive remedy was under Workmen's Compensation. The claimant had "full knowledge of his legal rights and * * * full knowledge of the legal conditions precedent to a suit against his employer, * * *" In the instant case claimant filed her claim with the Industrial Commission after the one year limitation for filing had run and consequently received no benefits. Her futile gesture of filing an untimely claim did not constitute an election under § 23–1024.

Rule 59(a), Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

"3. Accident or surprise which could not have been prevented by ordinary prudence."

■ Claimant argues that Moore Drug was not justifiably surprised at the issue of conspicuity of posting and that the court abused its discretion in granting a new trial on those grounds. The argument may have merit were we dealing with the granting of a new trial as contemplated by Rule 59(a). A jurisdictional hearing is not such a trial. See Prier v. Lancaster, 169 Kan. 368, 219 P.2d 358 (1950); Schraeder v. Sisters of St. Joseph of Wichita, 187 Kan. 509, 357 P.2d 854 (1960).

■ By granting Moore Drug's motion for a new trial the court, in effect, merely reopened the matter to hear further evidence. It is fundamental that the decision to reopen a matter for the presentation of further evidence lies within the broad discretionary powers of the trial court. Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693 (1947); Costello v. Cun-

ningham, 16 Ariz. 447, 147 P. 701 (1915). We will not reverse the court's decision in the absence of a clear abuse of discretion. Costello v. Cunningham, supra. It is our opinion that there was no abuse of discretion.

Affirmed.

BERNSTEIN and LOCKWOOD, JJ., concur.