IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

AUG 22 2006

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| AAA CAB SERVICE, INC., | ) | |
| | ) | |
| Petitioner Employer, | ) | |
| | ) | |
| v. | ) | 2 CA-IC 2006-0003 |
| | ) | DEPARTMENT B |
| THE INDUSTRIAL COMMISSION OF | ) | |
| ARIZONA, | ) | O P I N I O N |
| | ) | |
| Respondent, | ) | |
| | ) | |
| KERRI S. WAY, widow of RONALD | ) | |
| WAY, deceased employee, | ) | |
| | ) | |
| Respondent Employee, | ) | |
| | ) | |
| SPECIAL FUND DIVISION/NO | ) | |
| INSURANCE SECTION, | ) | |
| | ) | |
| Respondent Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 20040-750417

Layna Taylor, Administrative Law Judge

AWARD AFFIRMED

Toby Zimbalist                                                    Phoenix

   and

Klein, Lundmark, Barberich & LaMont, P.C.
  By R. Todd Lundmark                                    Phoenix
                                    Attorneys for Petitioner Employer

The Industrial Commission of Arizona
  By Laura L. McGrory                                     Phoenix
                                          Attorney for Respondent

Richard L. Keefe                                                   Tucson

   and

Andrew J. Petersen                                                Tucson

   and

Ryan Scott Andrus                                                 Tucson
                                    Attorneys for Respondent Employee

No Insurance Section/Special Fund Division
  By Ronald M. Andersen                                  Phoenix
                                       Attorney for Respondent Party in
                                                               Interest

---

E C K E R S T R O M, Presiding Judge.


**¶1**        Petitioner employer AAA Cab Service, Inc. challenges an industrial commission award granting the employee's widow, respondent Kerri Way, leave to withdraw her claim for workers' compensation benefits and pursue a civil cause of action against AAA.

2

Because Way never accepted compensation from the industrial commission, as required to waive her right to pursue a remedy in court, we find no error and affirm the award.

¶2 Way's husband died while working as a taxicab driver for AAA. She filed a wrongful death action in superior court and, a month later, filed a claim in the industrial commission for workers' compensation benefits. After the commission issued an award granting Way's claim, she sought to withdraw her claim and proceed solely with the case in superior court. The industrial commission determined Way had elected to pursue the claim in superior court and therefore deemed the claim withdrawn. AAA requested a hearing to challenge the determination, arguing Way had elected to accept workers' compensation when the previous award granting her claim became final. The administrative law judge (ALJ) found Way was entitled to withdraw her industrial commission claim because she had never accepted compensation under A.R.S. § 23-1024(A). We review *de novo* questions of law such as the applicability of a statute. *Putz v. Indus. Comm'n*, 203 Ariz. 146, ¶ 9, 51 P.3d 979, 981 (App. 2002).

¶3 AAA argues Way's pursuit of a claim for workers' compensation, which was adjudicated to a final award, precludes her from pursuing a civil tort action against AAA. AAA concedes the legislature designated a single act as creating a waiver of an injured worker's right to file a lawsuit against his or her employer: "accept[ing] compensation." § 23-1024(A). AAA does not contend that Way has accepted compensation, but rather, that a claimant may also waive the right to file a lawsuit under the common law doctrines of *res*

3

*judicata* and election of remedies. In essence, AAA contends the waiver standard in § 23-1024(A) supplements, but does not supplant, those common law doctrines.

**¶4**        "Under rules of statutory construction, if the common law is to be changed, supplemented, or abrogated by statute, it must be done expressly or by necessary implication." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). "If the legislature fails to clearly and plainly manifest an intent to alter the common law, the common law remains in effect." *Id*. But, in the arena of workers' compensation, the legislature has promulgated a comprehensive scheme governing the right to compensation that is wholly statutory. *DKI Corp./Sylvan Pools v. Indus. Comm'n*, 173 Ariz. 535, 539, 845 P.2d 461, 465 (1993) ("Workers' compensation is a statutory scheme in which the legislature has provided boundaries for what and how much is recoverable and when."); *Paramount Pictures, Inc. v. Indus. Comm'n*, 56 Ariz. 217, 220, 106 P.2d 1024, 1025 (1940) ("The right to compensation is purely statutory in its nature, and we must resort to the statute to determine its extent and limitations."). For workers' compensation claims, therefore, we conclude that the legislature has expressed an intent that the statutory scheme control when that scheme conflicts with common law principles.[1]

---

[1]We do not suggest that the legislature intended to eliminate common law principles altogether in this arena. *See, e.g.*, A.R.S. § 23-947(B) (incorporating *res judicata* into time for filing application for compensation); *see also Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 426-27, 880 P.2d 642, 646-47 (App. 1993) (addressing extent to which workers' compensation scheme applies and limits common law principles of claim and issue preclusion).

4

**¶5** In the specific context here, the legislature has clarified its intent to abrogate the common law doctrines of *res judicata* and election of remedies. The relevant statute, § 23-1024(A), designates only one act triggering its waiver provision—accepting compensation. Notably, its prior language provided that a claimant waived the right to pursue a civil tort action by either accepting compensation or making an application for an award. 1968 Ariz. Sess. Laws, ch. 6, § 39 (amending § 23-1024); *see Sw. Coop. Wholesale v. Superior Court*, 13 Ariz. App. 453, 459, 477 P.2d 572, 578 (1970) (describing effect of 1968 statutory amendment). Thus, the 1968 amendment to the statute expressed a legislative intent to reduce rather than expand or leave unchanged the actions that can constitute a waiver. We cannot harmonize that change with AAA's contention that the legislature intended to allow the common law doctrines of election of remedies and *res judicata* to provide unspecified additional avenues by which the right to pursue a civil tort action may be waived. Moreover, we have previously concluded that the 1968 amendment to § 23-1024(A) both "'de-waiverized'" the act of making an application for workers' compensation benefits and rendered "acceptance of benefits the sole statutory test." *Sw. Coop. Wholesale*, 13 Ariz. App. at 459, 477 P.2d at 578.

**¶6** AAA contends that application of the common law principles of *res judicata* and election of remedies would serve the interests of judicial economy and fairness because it would protect both the employer and our courts from the expense of litigating two proceedings to judgment. But, in light of the legislative history of § 23-1024(A), we

5

conclude that, if the legislature had intended a final award to constitute an election of workers' compensation, it would have included express language to that effect. This court cannot write a term into the statute that the legislature did not include. *See Home Builders Ass'n of Cent. Ariz. v. City of Scottsdale*, 187 Ariz. 479, 483, 930 P.2d 993, 997 (1997) ("Where the language of a statute is clear and unambiguous, courts are not warranted in reading into the law words the legislature did not choose to include."); *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965) ("[A] court will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions."); *Bridgestone/Firestone N. Am. Tire, L.L.C. v. APS Rent-a-Car & Leasing, Inc.*, 207 Ariz. 502, ¶ 51, 88 P.3d 572, 584 (App. 2004) (refusing to "import[] [the appellant's] common law and policy arguments into the statute").

¶7        Because the ALJ did not err by finding Way had not accepted compensation from the industrial commission, and was therefore entitled to pursue her wrongful death action in superior court, we affirm the award.

_____
                                    PETER J. ECKERSTROM, Presiding Judge
CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
PHILIP G. ESPINOSA, Judge

6