IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

IN RE THE MARRIAGE OF

AMY FARNSWORTH,
*Petitioner/Appellee,*

*and*

RICHARD GILLIES,
*Respondent/Appellant.*

No. 2 CA-CV 2024-0236-FC
Filed March 20, 2025

Appeal from the Superior Court in Pima County
Nos. D20220308 and D20220397 (Consolidated)
The Honorable Helena Seymour, Judge Pro Tempore

**REVERSED AND REMANDED**

COUNSEL

Tucson Bankruptcy and Family Law LLC, Tucson
By Caleb N. Brown
*Counsel for Petitioner/Appellee*

Reardon House Colton PLC, Scottsdale
By Kristi A. Reardon, Taylor S. House, and Sally M. Colton

and

Assini & Associates PLLC, Tucson
By Rebecca S. Assini
*Counsel for Respondent/Appellant*

---

**OPINION**

---

Presiding Judge Eckerstrom authored the opinion of the Court, in which Judge Vásquez and Judge Sklar concurred.

---

E C K E R S T R O M, Presiding Judge:

**¶1**   In this appeal, we are asked to interpret the meaning of A.R.S. § 25-409(C)(2). That statute allows for third-party visitation with a minor child when the child was born out of wedlock and, as relevant here, "the child's legal parents are not married to each other at the time the petition is filed." Because the trial court improperly concluded that the statute requires the child to have two legal parents before granting third-party visitation, we reverse and remand.

## Factual and Procedural Background

**¶2**   In December 2009, Amy Farnsworth ("Mother") was pregnant with M.F. when she began dating Richard Gillies ("Stepfather"). Mother gave birth to M.F. in August 2010. Mother and Stepfather married in 2012.

**¶3**   The putative biological father of M.F., J.P., never established paternity. At some point during the parties' marriage, J.P. signed a voluntary relinquishment to allow Stepfather to begin the adoption process. Thereafter, Mother began the process for Stepfather to adopt M.F. but never completed it. The trial court found that Stepfather was the only father M.F. had ever known.

**¶4**   In February 2022, Mother and Stepfather both filed petitions for dissolution of their marriage, which the trial court consolidated. Stepfather also petitioned for third-party rights with M.F., seeking joint legal decision-making authority and parenting time or "significant visitation" with M.F. In August 2022, the court denied Stepfather's petition for third-party legal decision-making and placement because he had failed to establish it would be significantly detrimental to be placed in the care of Mother, and Arizona law does not allow a court to award joint legal decision-making authority to a legal parent and a third party.

**¶5**   In June 2024, the trial court found it "lack[ed] jurisdiction" to grant Stepfather non-parental visitation rights with M.F. under

§ 25-409(C)(2) because, as Mother is M.F.'s only legal parent, "the requirement that the child's legal parents are not married to each other cannot be satisfied."[1]   However, the court nevertheless evaluated the required factors under § 25-409(E) for whether to grant Stepfather non-parental visitation "in the event that" we concluded its "determination of lack of jurisdiction" was legally erroneous.  This appeal followed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21 and 12-2101(A)(1).

**Discussion**

**¶6**        Stepfather argues the trial court incorrectly interpreted § 25-409(C)(2).  Specifically, he argues that subsection (C)(2) is satisfied when there is only one legal parent.[2]  The parties do not dispute that M.F. was born out of wedlock.  Nor do they dispute that M.F. had no legal parents married to each other at the time the petition for visitation was filed.  They do dispute the applicability of the dual grounds of § 25-409(C)(2) for non-parental visitation when a child, like M.F., has only one legal parent.

**¶7**        We review the interpretation of a statute de novo.  *Duckstein v. Wolf*, 230 Ariz. 227, ¶ 8 (App. 2012).  "If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation."  *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994).  If there is more than one rational interpretation, courts will resolve that doubt by considering the statute's subject matter and context, the spirit and purposes conveyed by that language and, if necessary, its legislative history.  *Id.*; *State ex rel. Ariz. Dep't Revenue v. Tunkey*, 254 Ariz. 432, ¶¶ 31-32 (Bolick, J., concurring) (allowing courts to consider legislative history as secondary

---

[1]Although the trial court determined "it lack[ed] jurisdiction," § 25-409(C)(2) is not jurisdictional.  *See Sheets v. Mead*, 238 Ariz. 55, ¶ 9 (App. 2015) ("Here, the court's power to conduct visitation and parenting time proceedings is provided by A.R.S. § 25-402, and § 25-409 simply sets forth the substantive criteria that govern visitation petitions."); *see also Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1996) (distinguishing between authority of court to do particular thing and power of court to entertain action of particular subject matter).

[2]The trial court also found the conditions set forth by subsections (C)(1), (C)(3), and (C)(4) were not satisfied.  Stepfather only argues the conditions of subsection (C)(2) on appeal.

interpretative tool but requiring courts to choose "plain meaning over legislative intent when the two diverge").

**¶8**         Subsection 25-409(C) governs third-party visitation rights. "[A] person other than a legal parent may petition . . . for visitation with a child," which "[t]he superior court may grant . . . on a finding that the visitation is in the child's best interests" and one of the situations in subsections (C)(1)-(4) is true. Subsection (C)(2) provides, in full: "The child was born out of wedlock and the child's legal parents are not married to each other at the time the petition is filed." The legislature has defined "legal parent" as "a biological or adoptive parent whose parental rights have not been terminated" and "does not include a person whose paternity has not been established pursuant to § 25-812 or 25-814." A.R.S. § 25-401(4). Section 25-812 provides for a voluntary acknowledgement of paternity, while § 25-814 explains when a man is presumed to be the father of a child.

**¶9**         Here, Mother is a legal parent of M.F. while J.P. is not. Mother is the biological parent of M.F. and her parental rights have not been terminated. *See id.* J.P. is M.F.'s putative biological father. *See David C. v. Alexis S.*, 240 Ariz. 53, ¶ 17 (2016) ("A putative father is a man who is or claims to be the father of the child and whose paternity has not been established."). But the record contains no indication that J.P. is entitled to a presumption of paternity under § 25-814, nor that he voluntarily acknowledged paternity under § 25-812.[3] Thus, J.P. was never M.F.'s legal parent, leaving Mother as the only legal parent.

**¶10**         In this case, we must decide whether subsection (C)(2) implicitly requires a non-parent who is seeking visitation to show that the child has more than one legal parent. We start with the plain meaning of the pertinent clause. *See Hayes*, 178 Ariz. at 268. That clause conditions non-parent visitation on a finding that "the child's legal parents are not married to each other." § 25-409(C)(2). It contains no language expressly conditioning non-parental visitation on the existence of multiple legal parents.

**¶11**         Mother contends, however, that the use of the plural "parents" implies such a requirement. But the legislature has generally

---

[3]The parties do not appear to dispute that J.P. signed a voluntary relinquishment in regards to M.F. However, the relinquishment is not part of our record on appeal, and the parties do not discuss the relinquishment's content or whether it was filed pursuant to § 25-812(A).

instructed us to read "words in the plural number" so as to "include the singular." A.R.S. § 1-214(B). And we would require a far less obtuse cue in the language of the statute to override that canon of construction here. For these reasons, we decline to add requirements to the statute that the legislature did not more clearly articulate. *See AAA Cab Serv., Inc. v. Indus. Comm'n*, 213 Ariz. 342, ¶ 6 (App. 2006) ("This court cannot write a term into the statute that the legislature did not include.").

**¶12** Furthermore, the legislature's use of the plural "parents" in the clause before us can be readily explained by mere grammatical necessity: the clause refers to the status of marriage. That status, when it exists, logically involves more than one person. Indeed, the clause would be both grammatically incorrect and logically impossible if it had employed the singular of parent in that context. *See* § 1-214(B) (implicitly acknowledging challenges in use of singulars and plurals in drafting and clarifying that each are intended to include other). Yet, the plain language of the statute also clearly includes the circumstance presented here: M.F. was born out of wedlock, and no marriage existed between any legal "parents" at the time of the petition.

**¶13** Nor can Mother's reading be harmonized with the purpose of subsection (C)(2) as conveyed by the entirety of § 25-409: to preclude non-parental visitation when the child already possesses a legally recognized two-parent family. *See* § 25-409(C); *see also PNC Bank, N.A. v. Coury*, 257 Ariz. 25, ¶ 8 (App. 2024) (courts construe statutes and their subsections as consistent and harmonious whole). Under this broader purpose, children with only one legal parent, like M.F., would plainly qualify for potential non-parental visitation upon a finding that such visitation would be in their best interests.

**¶14** Our reading is confirmed by the other statutory grounds for non-parental visitation set forth in § 25-409(C). Each of those grounds articulates circumstances under which children lack, or will lack, two legal parents in their home. *See* § 25-409(C)(1), (3), and (4) (non-parental visitation potentially available when one legal parent is deceased or missing and, for non-parents with elevated status, when marriage dissolved or petition for marriage dissolution pending).

**¶15** Thus, M.F.'s one-parent status does not disqualify her from receiving non-parental visitation. Rather, it places her at the heart of the body of circumstances potentially justifying such visitation. Although we have never squarely addressed the question presented here, this court has previously assumed that § 25-409(C)(2) applies equally to children without

two legal parents. *See Goodman v. Forsen,* 239 Ariz. 110, ¶¶ 3-4, 9 (App. 2016) (finding child eligible for non-parent visitation when mother never married father whose parental rights had been severed), *abrogated on other grounds by In re Marriage of Friedman & Roels*, 244 Ariz. 111, ¶ 19 (2018) (disavowing *Goodman* "insofar as it purports to subject a nonparent to a heightened burden of proof beyond that required" by other prior caselaw). Mother contends that the provisions of § 25-409(C) address only those circumstances where "there is a legal division of parental authority." But the very first provision of that subsection stands at odds with her theory. Subsection (C)(1) allows for non-parental visitation when a parent is "deceased or . . . missing"—circumstances that do not present any division of parental authority. Although Mother suggests a division of legal authority occurs when one of two legal parents die, we disagree because upon that death, only one parent exists to have such authority.

¶16        In conclusion, the plain language of § 25-409(C)(2), the manifest purpose conveyed by that language, and the broader statutory context all demonstrate that the legislature intended to allow third-party visitation petitions when a child is born out of wedlock and her legal parents are unmarried. No language in the statute articulates any intention by the legislature to exempt children with one legal parent from that potential benefit. The trial court erred in concluding otherwise.

## Disposition

¶17        For the foregoing reasons, we reverse the trial court's rejection of Stepfather's petition for third-party visitation under § 25-409(C)(2). Because the court included M.F. in its discussion of the factors under § 25-409(E) "in the event that the . . . lack of jurisdiction as to [M.F.] is determined to be inappropriate," and the parties did not dispute those findings on appeal, we remand for the court to enter an order regarding Stepfather's third-party visitation with M.F., including making any further findings required to enter such an order. As the prevailing party, Stepfather is entitled to an award of costs in compliance with Rule 21, Ariz. R. Civ. App. P. *See Motley v. Simmons*, 256 Ariz. 317, ¶ 20 (App. 2023).