[Civil No. 1388.   Filed. June 29, 1914.]

[141 Pac. 738.]

# LYMAN R. BENNETT, Appellant, v. W. P. ELLISON, Appellee.

LIMITATION OF ACTIONS—TOLLING OF STATUTE—INSTITUTION OF SUIT.— Within four years after maturity of a note plaintiff, as allowed by Civil Code of 1901, paragraph 2954, sued on the note, summons being duly sued out, and service upon defendant attempted by sending the summons to the county in which it was reported defendant resided. That service and two other attempted services failed, but after two years defendant's whereabouts was ascertained, and he was served. *Held,* that, as inquiries from defendant's relatives had failed to elicit his whereabouts, there was a sufficient prosecution of the action to toll the statute of limitations; there being no evidence that the delay was occasioned by plaintiff's bad faith.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

## STATEMENT OF FACTS BY THE COURT.

Appellee commenced this action upon a promissory note by filing his complaint on the 28th day of September, 1910. The note sued on bears date. of October 8, 1906, and was due six months after date, viz., April 8, 1907. Summons was issued on the date of filing the complaint, September 28, 1910. No service of this summons was had upon the defendant. On February 15, 1913, another summons was issued and served on defendant, and returned served on April 26, 1913. May 9, 1913, defendant appeared and demurred to the sufficiency of the complaint to state a cause of action; set up the bar of the statute of limitations of four years (paragraph 2954, Ariz. Rev. Stats. 1901); and made a general denial without verification. May 17, 1913, the demurrer was submitted and overruled. On October 10, 1913, the issue raised by the plea in bar was tried, and on November 1, 1913, the plea was disallowed and judgment ordered for the plaintiff. The issue tried was whether the action was prosecuted as contemplated by paragraph 2954, Revised Statutes of Arizona of 1901. The execution and delivery of the note by the defendant was

not controverted, but was expressly admitted by defendant while testifying as a witness. Plaintiff assumed the burden of procedure, and introduced the defendant. Upon the examination of defendant it appears that, after making the note at Phoenix, defendant went to Douglas, Benson and Bisbee, in Cochise county, where he resided in those towns until January 15, 1912. Thereafter he resided in Mohave county for a time, and returned to Phoenix in August, 1912. He was served in February, 1913. The attorney for the plaintiff testified, in effect, that when the original summons was issued, it was handed to himself; that he immediately forwarded it, with a copy of the complaint, to a deputy sheriff or constable at Douglas, Arizona. The papers were returned to him without service. Then he sent them to Bisbee, and they were returned without service. Whereupon he sent the papers to Benson, from which place they were returned without service. At the times the papers were sent to the said towns in Cochise county, the attorney had information from defendant's relatives living in Phoenix that defendant was in Cochise county. The original summons was lost while in the possession of plaintiff's attorney, but no question arose upon that fact. Before the summons was served defendant was at Phoenix several months. Some effort was made by plaintiff's attorney at about the time service was finally made, and after defendant returned to Phoenix, to induce defendant to settle the matter out of court, but this effort failed.

The court rendered judgment for plaintiff, and refused defendant a new trial. From the judgment and order refusing a new trial, defendant appeals.

Messrs. Armstrong & Lewis and Mr. Earl S. Curtis, for Appellant.

Mr. R. C. Stanford, for Appellee.

CUNNINGHAM, J.—The contested question on this appeal is whether paragraph 2954, Revised Statutes of Arizona of 1901, barred the prosecution of this action. The appellant contends that the prosecution is barred by the statute, for the reason the facts show that the action was not prosecuted

within the time permitted by law for the prosecution of such action. Appellant admits that the action was commenced when the suit was filed, and that the suit was filed less than four years after the cause of action accrued, but he insists that the plaintiff must diligently prosecute the action, else the operation of the statute of limitations will not be suspended by the mere commencement of the action. In this contention of the law appellant has the support of authority. The rule is stated in 25 Cyc. 1290, as follows:

"While it has been held that the actual commencement of a suit is sufficient to stop the running of the statute of limitations, without regard to, or dependence on, any after diligence of plaintiff in its prosecution, it seems to be well established that if a suit is voluntarily abandoned, or dismissed, or is not proceeded with, for a considerable period of time, the operation of the statute will not be suspended."

There is no element of abandonment or dismissal in this record. Was the suit proceeded with within such time as to suspend the operation of the statute? This is the question for our consideration. Its solution depends upon the meaning to be given to paragraph 2954, *supra,* and the showing made by plaintiff in excusing the admitted delay in effecting service of process.

Paragraph 2954, *supra,* is as follows:

"Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing, executed within this territory (state), shall be commenced and prosecuted within four years after the cause of action shall have accrued and not afterward."

The facts disclosed by the evidence, and not controverted, are that plaintiff, after commencing his action by filing his complaint, immediately sued out a summons. The summons was delivered to plaintiff's attorney who promptly sent it out, with a copy of the complaint, for service on the defendant. Three efforts were made within a few months' time after receiving the summons to have defendant served, but all failed. Inquiry of defendant's relatives failed to disclose his place of residence to plaintiff's attorney or to the officers to whom plaintiff sent the papers for service. When inquiry failed to locate defendant, plaintiff's attorney suspended his efforts in that respect, and trusted to his client

to locate the defendant. When he was located, the original summons had been lost. Plaintiff's attorney sued out another summons on February 15, 1913, which was served on the same day. About that date plaintiff made an effort to induce defendant to settle the note, but failed. Was this delay incident to the finding of the defendant for service such a delay as would permit the statute to run, notwithstanding the commencement of the action within four years?

The question of good faith in the commencement and thereafter in the prosecution of an action such as will stop the running of the statute of limitations is one of fact when a complaint has been timely filed and summons timely issued, but a considerable delay is shown before service of process is secured. In this case that question was really the question tried. The plaintiff introduced substantial evidence tending to show his good faith in the prosecution of the suit. The summons was issued immediately upon the filing of the complaint, and three active efforts were made to have the process served, but without success. This evidence was not controverted by contradictory evidence. The court necessarily found that plaintiff's efforts and acts were made and performed in good faith and with reasonable diligence. The evidence offered sufficiently supports that finding. This fact determined, nothing remained to be tried, and judgment followed. The judgment is responsive to the issue joined, and supported by substantial evidence.

The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.