[Civil No. 1422. Filed March 13, 1915.]

[146 Pac. 925.]

J. P. GIDEON, as Administrator of the Estate of JONA-THAN A. LOGAN, Deceased, Appellant, v. KEAN ST. CHARLES and WALTER BROWN, Appellees.

1. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—FILING OF COMPLAINT—ISSUANCE OF SUMMONS.—Under Civil Code of 1913, paragraph 390, providing that civil suits shall be commenced by complaint filed with the clerk, and paragraph 434, providing for the issuance of summons at any time within a year after the filing of the complaint, the filing of a complaint before the bar of limitations has attached stops the running of limitations, and plaintiff has one year in which to procure the issuance of a summons.

2. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTIONS—PROSECUTED. Civil Code of 1913, paragraph 434, providing that plaintiff may have a summons issued at any time within one year after filing complaint, applies to all civil cases, and affects only the procedure and applies to paragraph 714, declaring that actions for debt shall be commenced and prosecuted within four years after accrual of cause of action, which merely destroys the remedy.

3. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.—The court in construing a statute will seek to ascertain and give effect to the legislative intent, and may enlarge or restrict words or clauses to effectu-

ate the intent as ascertained from the words of the statute and its obvious purpose.

4. STATUTES—CONSTRUCTION.—Different statutes bearing on the same subject matter should be so construed, if possible, as to give effect to all. .

APPEAL from a judgment of the Superior Court of the County of Mohave. F. W. Perkins, Judge. Reversed and remanded. ·

The facts are stated in the opinion.

Mr. W. E. Moroney and Mr. C. W. Herndon, for Appellant.

Mr. Ross H. Blakely and Mr. J. E. Russell, for Appellees.

ROSS, C. J.—Appellant in his representative capacity instituted this action against appellees upon their past-due promissory note by filing complaint in the superior court of Mohave county. The four years' statute of limitation was pleaded by appellees. The facts as disclosed by the pleadings are: Note was dated May 22, 1908, and become due in six months or November 22, 1908. The complaint was filed October 19, 1912, or 33 days before the expiration of four years from date note became due. No summons was issued in the case until June 4, 1913. Tried without a jury, resulting in judgment for appellees, the court sustaining the plea of the statute of limitation.

As we understand it, the trial court held that the delay of some seven months in the issuance and service of summons was fatal to the appellant's cause of action and it was for that reason that he sustained the plea of limitation.

The question involved requires the construction of three sections of our statutes, as follows:

"390. All civil suits in courts of record shall be commenced by complaint filed in the office of the clerk of such court."

"434. When the complaint shall be filed with the clerk, and the other regulations prescribed by law shall be complied with, the clerk shall forthwith indorse on the complaint, the day and month and year that it is filed, and at any time

within one year thereafter the plaintiff may have a summons issued. . . . "

"714.   Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing, executed within this state, shall be commenced and prosecuted within four years after the cause of action shall have accrued and not afterward."   Civ. Code 1913.

Sections 390 and 714 were taken from Texas, but Texas has no statute corresponding with section 434, nor have we been able to find any state law like ours; that is, where the three sections appear as they do in our statute.   The Texas statute, with reference to the time of issuing the summons, is as follows:

Article 1212, Sayles' Texas Civil Statutes: "When a petition shall be filed with the clerk and the other regulations hereinafter prescribed shall be complied with, it shall be his duty to issue forthwith a writ of citation for the defendant."

The question, therefore, must be decided without the aid of precedents, as one of first impression, and upon general principles of law.

As is said in 25 Cyc. 1292:

"The general rule, except where it has been otherwise provided by statute, is that the action is commenced so as to stop the running of the statute of limitations, from the time the summons or other process is issued."

This general rule is modified by section 390, *supra,* so as to make the commencement of the action the filing of the complaint, which is also sufficient to stop the running of the statute.   But the Texas courts, in construing the phrase "shall be commenced and prosecuted," have uniformly, so far as we are able to discover, held that it was incumbent on the plaintiff not only to file his complaint before the bar has run against his cause of action, but he must in good faith cause summons to issue and be served within a reasonable time, and that a request from him to the clerk not to issue summons or any other delay in the issuance of summons or its service, occasioned by his conduct or neglect, will not prevent the statute from running even though complaint was filed in time.   *Ricker* v. *Shoemaker,* 81 Tex. 22, 16 S. W. 645; *Bates* v. *Smith,* 80 Tex. 242, 16 S. W. 47; *Gulf etc. Co.* v. *Flatt* (Tex. Civ. App.), 36 S. W. 1029; *Wood* v. *Gulf etc. Co.,*

15 Tex. Civ. App. 322, 40 S. W. 24; *Wigg* v. *Dooley,* 28 Tex. Civ. App. 61, 66 S. W. 306.

The Texas courts have not held it imperative that summons should issue before the period of limitation has expired. The extent of their holdings in passing upon the phrase, "shall be commenced and prosecuted within . . . and not afterward," has been that complaint shall be filed before the cause of action is barred and that thereafter diligence and good faith must be exercised in its prosecution. That, also, was in effect, the holding of this court in *Bennett* v. *Ellison, ante,* p. 196, 141 Pac. 738. The phrase does not mean, according to the Texas view, that the action shall be "prosecuted" to judgment within, and not after, the time stated, nor is a failure to have summons issued and placed with the proper officer for service fatal to the cause of action; diligence and good faith in that respect being shown. The "reasonable time" after the commencement of suit, when diligence and good faith appear, in which to prosecute it, as given by construction of the statute by the courts of Texas, is fixed by the legislature of this state in section 434, *supra,* in which it is provided, "and at any time within one year thereafter (after filing of complaint) the plaintiff may have a summons issued," materially different from a direction to forthwith issue the summons.

The statute, as we see it, fixes the time for prosecuting the suit, after it is commenced, as one year by providing that a summons may be issued within that time. In the absence of such a statute, the reasoning of the Texas rule would be applicable, and diligence and good faith would become a question of fact in all cases wherein there was delay in issuing or serving the summons after the expiration of the statute of limitation. The presence of the statute definitely fixes the time as one year after the commencement thereof by filing complaint, as the time within which it must be "prosecuted" by issuing summons. The provisions of section 434, *supra,* are general and apply to all civil actions alike. It affects and bears upon the procedure. Section 714 is a statute of limitation. It does not destroy the cause of action, but the remedy. The cause of action would exist after the remedy was lost. *Provident Mut. etc. Assn.* v. *Schwertner,* 15 Ariz. 517, 140 Pac. 495.

But in this case the remedy was preserved by filing complaint before the bar had run. The appellant was in court with a good cause of action and a lawful remedy the instant he filed his complaint. When would he lose that remedy? When he failed to follow it up with the diligence prescribed by law. The further steps in the prosecution of that remedy are provided by statute. It is not required that the summons issue forthwith, but at any time within one year after the filing of the complaint.

The rule of construction is that:

"The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. While the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of the law should not be sacrificed to a literal interpretation of such word. Words or clauses may be enlarged and restricted to effectuate the intention or to harmonize them with other expressed provisions. The particular inquiry is not what is the abstract force of the words or what they may comprehend, but in what sense they were intended to be used as they are found in the act." 2 Lewis' Suth. Stat. Const., sec. 376.

A corollary to this rule is another that different statutes bearing upon the same subject matter should be so construed, if possible, as to give effect to all. Bearing these rules in mind, the rights of the debtor to interpose the statute of limitation is preserved as against claims not sued on before the period of limitation has run, and the rights of the creditor are maintained if he does sue within that time. And while such a construction may restrict the meaning of the word "prosecute" as it appears in section 714, we think it effectuates the intention of the legislature and harmonizes it with the expressed provisions of section 434.

It appearing that the complaint in this case was filed in the proper court before the cause of action was barred by the statute of limitation and thereafter and within one year the summons was issued and served, we are of opinion that the action was "commenced and prosecuted" as provided by law.

Judgment is reversed and cause remanded, with directions that judgment be entered for appellant.

FRANKLIN and CUNNINGHAM, JJ., concur.