474 P.2d 59

Glenn C. TAYLOR and Louis A. Melczer, Co-Trustees for Coury Bros. Ranches, Inc., a corporation in reorganization under Chapter X of the Federal Bankruptcy Act, Appellant-Petitioners,

v.

The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA; and the Honorable Yale McFate, a Judge thereof; and Chevron Chemical Company, a corporation; and California Ammonia Transport, a corporation, Appellee-Respondents.

No. 1 CA–CIV 1423.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 3, 1970.

Rehearing Denied Oct. 1, 1970.

Review Denied Nov. 17, 1970.

Snell & Wilmer, by Warren E. Platt, Phoenix, for appellant-petitioners.

Ryley, Carlock & Ralston, by John C. Ellinwood, Phoenix, for appellee-respondents.

Black, Robertshaw & Frederick, by Richard Black, Phoenix, for California Ammonia Transport.

HAIRE, Judge.

The appellant-petitioners' complaint alleging negligence on the part of the respondent-defendants was dismissed in the trial court in the grounds that the action was barred by the two year limitations statute (A.R.S. § 12–542). Although the complaint was admittedly filed one day before the expiration of the limitation period, the summons was not served upon the defendants until some nine months later. In the trial court's memorandum opinion the reason for the delay in service is stated as follows:

"* * * summons apparently misplaced after being issued and returned to office of plaintiff's counsel; that [during most of the time in question] the capital stock of plaintiff corporation was pending sale during part of which time the corporate management had changed, and because of numerous intracorporate disputes and deteriorating financial condition, plaintiff was not aware that summons had not been served."

There is no contention made that the delay on plaintiff's part was the result of a purposeful intent to postpone service of process.

A.R.S. § 12–542 provides that an action of the type here involved "* * * shall be *commenced and prosecuted* within two years after the cause of action accrues, and not afterward. * * *" (Emphasis sup-

plied). The trial court held that although the action was "commenced" within two years, it was not "prosecuted" within two years, and that no reasonable excuse appeared for failure to serve the summons during the nine month period after the filing of the complaint.

■ "Commenced and prosecuted within two years" does not mean that the case must be brought to a conclusion in two years, rather it means that the action must be commenced within two years, and must thereafter be prosecuted with reasonable diligence. McCarrell v. Turbeville, 51 Ariz. 166, 75 P.2d 361 (1938); W. T. Rawleigh Co. v. Spencer, 58 Ariz. 182, 118 P.2d 674 (1941); Cooper v. Odom, 6 Ariz.App. 466, 433 P.2d 646 (1967). The question before this Court is whether the nine month delay in serving summons upon the defendants constituted a failure to prosecute with reasonable diligence.

An almost identical question was presented in Gideon v. St. Charles, 16 Ariz. 435, 146 P. 925 (1915). In that case the plaintiff's complaint had been filed approximately one month before the expiration of the governing statute of limitations, but no summons was issued or served until approximately seven months later. In determining the applicable standard of reasonable diligence insofar as concerned the issuance and service of summons, the court referred to § 434, Revised Statutes of Arizona (1913), which provided that:

"* * * at any time within one year [after the filing of the complaint] the plaintiff may have a summons issued * * *."

The court stated:

"The statute, as we see it, fixes the time for prosecuting the suit, after it is commenced as one year by providing that a summons may be issued within that time. In the absence of such a statute, the reasoning of the Texas rule would be applicable, and diligence and good faith would become a question of fact in all cases wherein there was delay in issuing or serving the summons after the expiration of the statute of limitation. The presence of the statute definitely fixes the time as one year after the commencement thereof by filing complaint, as the time within which it must be 'prosecuted' by issuing summons." (16 Ariz. at 438, 146 P. at 927).

■ Under § 434, Revised Statutes of Arizona (1913), the plaintiff in *Gideon* was entitled to have a summons issued within one year after filing this complaint. Although not referred to in the opinion, another statutory provision, § 460, Revised Statutes of Arizona (1913), also gave plaintiff the right to have the summons issued and served at any time before the expiration of one year.[1] While this latter statutory provision (§ 460) still remains a part of our present law,[2] the quoted language of § 434 has been deleted in subsequent codifications. Present Rule 4(a), Rules of Civil Procedure, 16 A.R.S., does provide that upon the filing of a complaint, the Clerk "* * * shall forthwith issue a summons and deliver it for service to the sheriff * * *." However, in our opinion this language merely directs the Clerk as to his duties and does not purport to limit the rights still remaining in the plaintiff, originally pursuant to §§ 434 and 460, Revised Statutes of Arizona (1913), and now pursuant to Rule 6(f), Rules of Civil Procedure, 16 A.R.S., to have summons issued and served at any time within one year.

■■ We hold that insofar as concerns the question of the exercise of reasonable diligence in the issue and service of summons, Rule 6(f) furnishes a fixed minimum standard. Prior to the expiration of

---

1. § 460 reads as follows:
   "An action shall abate if the summons be not issued and served, or the service thereof by publication commenced within one year from the filing of the complaint."

2. Rule 6(f), Rules of Civil Procedure, 16 A.R.S., reads as follows:
   "An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

the one year period provided by that Rule, there can be no dismissal based upon a failure to have summons issued and served. After the expiration of that period, it becomes a question of fact as to whether or not plaintiff has exercised reasonable diligence in prosecuting the action. The principles enunciated in *Gideon* predicate the rule we adopt herein, and, in our opinion, this rule is in accord with the reasoning of the Arizona Supreme Court in Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78 (1963) and Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970).

■ Inasmuch as the appellant-petitioners had summons issued and served before the expiration of one year from the time the complaint was filed, the trial court committed error in dismissing the action.

The order dismissing the complaint is vacated.

CAMERON and JACOBSON, JJ., concur.