503 P.2d 838

**SALT RIVER VALLEY WATER USERS' ASSOCIATION and Salt River Project Agricultural Improvement and Power District, Petitioners,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Arizona, the Honorable Howard V. Peterson, Respondent,**

**Jack N. SOLOMON, Respondent-Real Party In Interest.**

**No. 1 CA–CIV 2192.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 30, 1972.

Rehearing Denied Dec. 29, 1972.

Review Denied Feb. 6, 1973.

Jennings, Strouss & Salmon by J. A. Riggins, Jr., and Jon L. Kyl, Phoenix, for petitioners.

Brown, Vlassis & Bain, P. A. by Terry E. Fenzl, Phoenix, for respondent-real party in interest.

STEVENS, Judge.

The petitioners before this Court are the defendants in the above-numbered Superior Court action and they will be referred to herein as the petitioners or as the defendants. The Superior Court action will be referred to as the second action. The respondent-real party in interest in this Court is the plaintiff in the second action and he will be referred to as the plaintiff or as the real party in interest. The respondent judge, The Honorable Howard V. Peterson, was served in the special action now under consideration and did not appear.

In an earlier civil action filed in the Maricopa County Superior Court and assigned cause number C–145697 hereinafter referred to as the first action, the petitioners as plaintiffs sought and secured a declaratory judgment defining their obligation to make refunds to persons in a limited geographical area and establishing the procedures in relation to those refunds including the time within which applications for refunds must be made. The judgment in the first action was appealed to this Court and affirmed in the case of Miller and Knox v. Salt River Valley Water Users' Association, 11 Ariz.App. 256, 463 P.2d 840 (1970), (Review Denied). The appeal was directed basically to the obligation on the part of the petitioners to make refunds. It is our opinion that the obligation to make refunds and the procedures and time elements for the applications to secure the refunds are so intertwined that they cannot be separated. Mr. Miller and Mr. Knox were not parties within the geographical refund area and no person within that area was a formal party to the first action.

■ Some time following the finality of the Miller and Knox opinion of this Court, the plaintiff, as a resident within the geographical refund area, filed the second action which he designated as a class action on behalf of himself and others in the geographical refund area seeking to relitigate the issue involving the time of filing for refunds which was established by the judgment in the first action. At the time of the oral argument before this Court, it was established that in the second action the plaintiff had commenced his compliance with the class action rule notice provisions [Rule 23, Rules of Civil Procedure, 16 A. R.S.], and that he had suspended his efforts toward such compliance when the defendants in the second action filed their motion for summary judgment in reliance upon the Miller and Knox decision. At the oral argument it was established that there are numerous members of the plaintiff's "class" and that proper notice under the rule could be an expensive and a complex process. Based upon the Miller and Knox opinion of this Court, the defendants urge in the second action, in the alternative, that either the doctrine of *res judicata* or the doctrine of *stare decisis* when applied to the second action required the granting of their motion for summary judgment. The respondent judge denied the motion for summary judgment and the special action now under consideration was filed to test the validity of that ruling. The plaintiff, in this Court, urges that special action relief is not appropriate. It is our opinion that the guidelines set forth in Southwest Cooperative Wholesale v. Superior Court, 13 Ariz.App. 453, 477 P.2d 572 (1970), and in Scottsdale Jaycees v. Superior Court of Maricopa County, 17 Ariz. App. 571, 499 P.2d 185 (1972), establish that it is appropriate for this Court to entertain the present special action.

■ There are circumstances wherein it sometimes becomes a fine line to draw to distinguish, in a particular case, the appli-

cation of the doctrine of *res judicata* on the one hand and the doctrine of *stare decisis* on the other, and the matter before us is such a situation since the right to a refund and the procedures and time elements for securing a refund as set forth in the judgment in the first action are inseparable.

We hold that it was an abuse of judicial discretion to deny the defendants' motion for summary judgment in the second action and the issuance of a mandate in relation to this opinion will constitute a directive to grant the motion for summary judgment in Maricopa County Superior Court cause number C–243611.

HAIRE, C. J., Division 1, and EUBANK, J., concur.