505 P.2d 1383

SAFEWAY STORES, INC., a Maryland corporation, Petitioner,

v.

MARICOPA COUNTY SUPERIOR COURT, the Honorable David M. Lurie, a Judge thereof, Respondent;

Stephanie L. KALIFF, Respondent, Real Party in Interest.

No. 1 CA-CIV 2255.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 13, 1973.

Rehearing Denied March 19, 1973.

Review Denied April 17, 1973.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Steven T. Rice, Phoenix, for petitioner.

Treon, Warnicke & Dann, by Richard T. Treon, Phoenix, for respondents.

HAIRE, Judge.

In this special action the petitioning defendant seeks reversal of an order of the Superior Court denying petitioner's motion for summary judgment based on the statute of limitations.

The civil action filed in the Superior Court sought damages for personal injuries suffered when the respondent-plaintiff allegedly slipped and fell in defendant's parking lot on August 16, 1969. On August 13, 1971, a complaint alleging a claim against defendant for personal injuries allegedly suffered by plaintiff was filed in the Superior Court. This complaint was signed only by plaintiff's husband, who was neither a plaintiff therein nor a licensed attorney at law, as "Husband and Acting Attorney" for plaintiff. No summons was ever issued or served in connection with this complaint, although plaintiff's husband attempted to obtain the issuance of a summons on the date of filing the complaint. Nothing further occurred until August 16, 1972. At that time the action was placed on the inactive calendar for dismissal on October 16, 1972, apparently for nonprosecution pursuant to Rule V(d), Uniform Rules of Practice of the Superior Court, 17 A.R.S. Plaintiff took no action until October 16, 1972, when a "first amended complaint", substantially identical to the original complaint, but signed by plaintiff's present attorneys, was filed. A summons was then served on defendant on October 17, 1972.

Defendant moved for summary judgment, contending that the original complaint, signed only by the plaintiff's husband, could not be regarded as a valid complaint for the purposes of "commencing" an action, and that therefore no action was commenced within the applicable two year statute of limitations, and that because there was never any valid original complaint, the first amended complaint could not relate back to the date of filing of the original. Defendant further contended that even assuming a valid original complaint, no summons was issued or served within one year from the filing thereof, and that the action abated under Rule 6(f), Rules of Civil Procedure, 16 A.R.S. Unless the original filing was valid so as to toll the running of the statute, the statute had clearly run before the filing of the new complaint. The trial court denied defendant's motion, and defendant promptly filed this special action to review the denial.

Plaintiff contends:

(1) That this Court has no jurisdiction to entertain a special action to review a denial of summary judgment.

(2) That plaintiff's failure to sign her original complaint was merely a technical error which is correctible by amendment.

(3) That the first amended complaint relates back to the date of the original complaint under Rule 15(c), Rules of Civil Procedure, 16 A.R.S., so that the action was commenced within the statute.

Plaintiff's contention that this Court has no *jurisdiction* to entertain a

special action seeking review of a denial of a motion for summary judgment is without merit. Salt River Valley Water Users' Association v. Superior Court of Maricopa County, 18 Ariz.App. 483, 503 P.2d 838 (1972); Scottsdale Jaycees v. Superior Court of Maricopa County, 17 Ariz.App. 571, 499 P.2d 185 (1972); Southwest Co-operative Wholesale v. Superior Court of Maricopa County, 13 Ariz.App. 453, 477 P.2d 572 (1971). There is, of course, always the question of whether this Court will *accept* jurisdiction in any particular special action. *Ibid*; Rule 7(c), Rules of Procedure for Special Actions, 17 A.R.S. The denial of a motion for summary judgment is not appealable, *Burke v. Gottfried*, 7 Ariz.App. 96, 436 P.2d 488 (1968), nor is it even reviewable upon appeal from the final judgment, except under very unusual circumstances. Navajo Freight Lines, Inc. v. Liberty Mutual Insurance Co., 12 Ariz. App. 424, 471 P.2d 309 (1970). In this situation, there is thus no possibility of appellate review of an erroneous ruling on a question of law which should determine a matter until after a full-fledged trial, with its necessarily attendant delay and expense, unless special action relief is available. In Southwest Cooperative Wholesale v. Superior Court, *supra*, and Scottsdale Jaycees v. Superior Court, *supra*, we indicated some of the factors to be considered in determining whether we would accept jurisdiction in this type of case. In Southwest we also referred to City of Phoenix v. Peterson, 11 Ariz.App. 136, 462 P.2d 829 (1969), in which we stated that we would favorably consider granting extraordinary relief "'when the entitlement is clear, when an important issue is at stake, or when the subsequent course of the litigation may be vitally affected by an erroneous order . . . .'" 11 Ariz.App. at 142, 462 P.2d at 835. The question of the applicability of a statute of limitations to undisputed facts should be correctly determined as early as possible in an action, to avoid as much further needless expense and delay as possible. It is obvious that if a ruling thereon which is erroneous as a matter of law is not subject to some kind of prompt appellate review, much unnecessary expense and delay will follow, whereas the matter could have been finally resolved correctly and promptly by the proper ruling. We believe that this action is within the principles set forth in the cases cited, and we accept jurisdiction.

Turning to the merits, the applicable statute of limitations, A.R.S. § 12–542, subsec. A, provides that:

> ". . . there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
>
> "1. For injuries done to the person of another."

Rule 3, Rules of Civil Procedure, 16 A.R.S., provides that: "A civil action is commenced by filing a complaint with the court."

Rule 11(a), Rules of Civil Procedure, 16 A.R.S., provides that: "A party who is not represented by an attorney shall sign his pleadings and state his address . . . . If a pleading is not signed . . . it may be stricken as sham and false . . . ."

In order to avoid the bar of the statute of limitations under the above rules, the first requirement is that a complaint be filed with the court within two years after the cause of action accrued. Here the two year period expired on August 15, 1971, and the original complaint, filed on August 13, 1971, was the only one filed prior thereto. In our opinion that complaint was not sufficient to toll the statute of limitations, and in fact it had no legal significance. If the act of filing a complaint operates to toll the statute against a defendant, we do not think it is asking too much to insist that the plaintiff submit to the jurisdiction of the court by that same act. The complaint here did not do this. It was not signed by the plaintiff nor by a licensed attorney at law, but only by plaintiff's husband, who purported to be "Acting Attorney" for his wife. In Mosher v. Hiner, 62 Ariz. 110, 154 P.2d 372 (1944), the Supreme Court affirmed the dismissal

of a complaint signed for the plaintiff only by an unlicensed "attorney in fact", on the basis that the plaintiff did not thereby appear *in propria persona,* and that the unlicensed person had no authority to represent the plaintiff or to sign the complaint for her. The court noted that one reason for not permitting such representation was the impossibility of asserting a valid counterclaim. In Bloch v. Bentfield, 1 Ariz. App. 412, 403 P.2d 559 (1965), this court held that a complaint signed only by one of three plaintiffs purportedly all appearing *in propria persona* was not sufficient to give the court jurisdiction over the two non-signers, and that the latter were not before the court. In Haberkorn v. Sears, Roebuck & Co., 5 Ariz.App. 397, 427 P.2d 378 (1967), a notice of appeal signed only by a husband on behalf of himself and his wife was held insufficient to perfect an appeal by the non-signing wife. These cases establish quite clearly that the requirement of Rule 11(a), *supra,* that a party who is not represented by an attorney shall sign his own pleading is not a mere technicality but a matter of substance going to the sufficiency of the pleading and the jurisdiction of the court. The failure to comply with this rule by omitting plaintiff's signature from the complaint is therefore not a mere technical irregularity subject to correction by amendment after the expiration of the statute of limitations, as contended by plaintiff. We therefore hold, under the facts of this case, that the action was not commenced within the statute of limitations, and is now barred. Defendant's motion for summary judgment should have been granted as a matter of law, as there is no dispute as to any of the facts. The fact that no valid complaint was filed prior to the expiration of the statute of limitations also eliminates plaintiff's theory of relation back of the later complaint.

Even if plaintiff's first complaint had been sufficient to commence an action, plaintiff failed to comply with the provisions of Rule 6(f), Rules of Civil Procedure, 16 A.R.S., and with the second requirement of A.R.S. § 12–542, subsec. A that the action be prosecuted with due diligence after its commencement. Taylor v. Superior Court of Maricopa County, 13 Ariz.App. 52, 474 P.2d 59 (1970); *Cf.* Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78 (1963); Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970).

Rule 6(f), Rules of Civil Procedure, 16 A.R.S., provides:

> "An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

In Murphey v. Valenzuela, *supra,* the Supreme Court said:

> "Plaintiff is under a legal duty to use due diligence in having service made upon the defendant within the time prescribed by law. One of the fundamental reasons for requiring the plaintiff to exercise due diligence in seeking to have the defendant served with process arises out of the fact that when a suit is commenced the statute of limitations is tolled." 95 Ariz. at 32–33, 386 P.2d at 80.

And we said in Taylor v. Superior Court, *supra*:

> "'Commenced and prosecuted within two years' does not mean that the case must be brought to a conclusion in two years, rather it means that the action must be commenced within two years, and must thereafter be prosecuted with reasonable diligence . . . . We hold that insofar as concerns the question of the exercise of reasonable diligence in the issue and service of summons, Rule 6(f) furnishes a fixed minimum standard. Prior to the expiration of the one year period provided by that Rule, there can be no dismissal based upon a failure to have summons issued and served. After the expiration of that period, it becomes a question of fact as to whether or not plaintiff has exercised

reasonable diligence in prosecuting the action." 13 Ariz.App. at 54–55, 474 P.2d at 61.

In this case no summons was issued or served until more than fourteen months after the filing of the original complaint, and the action was therefore subject to a motion to dismiss under Rule 6(f), *supra,* which, in the absence of a showing of good cause, would have to be granted. Van Campen v. The Upjohn Co., 19 Ariz.App. 81, 504 P.2d 1304 (filed January 10, 1972); Murphey v. Valenzuela, *supra;* Grobe v. McBryde, *supra; see* Taylor v. Superior Court, *supra.* Although defendant did not file a separate motion to dismiss on this basis, it did urge abatement under Rule 6(f) as one of the grounds for granting its motion for summary judgment. Plaintiff therefore had an opportunity in the trial court to establish any facts showing good cause for her failure to comply with the above requirements. She offered the excuses of illness and bankruptcy. In our opinion she has not shown any good cause for her complete inactivity for over fourteen months after filing her first complaint, and in fact she did nothing further thereafter until the day set for dismissal of her action. The summons which was then served was the first notice that defendant had of any lawsuit against it. Such a unilateral extension of the period of limitations at a plaintiff's pleasure cannot be permitted. Even though an action may be commenced by the filing of a complaint, the defendant does not have knowledge of it until he is served with process, and this lack of notice can be unfair and prejudicial, and is not condoned by the courts. *Cf.* Hartford Insurance Group v. Beck, 12 Ariz.App. 532, 472 P.2d 955 (1970); *see* Green Reservoir Flood Control District v. Willmoth, 15 Ariz.App. 406, 489 P.2d 69 (1971). If a plaintiff could technically commence an action within the limited period but then avoid actually notifying the defendant thereof until much later simply by deferring service, the basic objectives of the statute of limitations could easily be defeated. As noted above, Rule 6(f) already provides a standard for diligence in service, and no good reason appears for expanding that standard except in cases where exceptionally good cause is shown for failure to meet it. *See* Van Campen v. The Upjohn Co., *supra,* in which dismissal of the complaint was affirmed where the first service was made one year and four days after the filing of the complaint. Plaintiff has not met the requirement of due diligence in prosecuting her action after its commencement, as required by the statute of limitations, and defendant's motion for summary judgment should have been granted on this ground also.

The order of the Superior Court denying defendant's motion for summary judgment is reversed, and that court is directed to enter judgment dismissing plaintiff's complaint with prejudice.

JACOBSON, C. J., Division 1, and EUBANK, P. J., Department B, concur.