Frank A. **ARMIJO** and Victoria Armijo, husband and wife, Plaintiffs,

v.

Nolan **WELMAKER**, aka Welmaker Nolan, Defendant.

No. Civ. 71–699 PHX.

United States District Court, D. Arizona.

Feb. 16, 1973.

Pollock & Lemberg, Phoenix, Ariz., for plaintiffs.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant.

## OPINION and ORDER

MUECKE, District Judge.

This is a negligence action involving parties of diverse citizenship. It is here on defendant's motion to dismiss by reason of the running of the statute of limitations.

Pertinent facts taken from the complaint, record, and supplemental affidavits of the parties are these. Plaintiffs are residents of the State of Arizona and Defendant Nolan Welmaker is a resident of the State of California. On December 30, 1969 near Kent, Texas, the automobile which defendant was driving collided with the automobile in which plaintiffs were riding. On December 30, 1971, complaint was filed by plaintiffs in the United States District Court for the District of Arizona against Welmaker Nolan. Summons was issued that same day. On January 19, 1972, before any responsive pleading was filed, plaintiffs filed their First Amended Complaint naming as defendant, Nolan Welmaker aka Welmaker Nolan. The Marshal's return of service filed on June 8, 1972 shows service of the First Amended Complaint on defendant on May 5, 1972. Defendant's uncontested affidavit indicates that he had no notice of the Arizona action prior to May 5, 1972.

Even though the statute of limitations is normally an affirmative defense, Fed.R.Civ.P. 8(c), no argument is made that the motion to dismiss is inappropriate where the passage of time is clearly apparent from the face of the complaint. See Fischback & Moore, Inc. v. International Union of Operating Engineers, 198 F.Supp. 911 (S.D.Cal.1961). Furthermore, F.R.Civ.P. 12(b) provides for considering a motion to dismiss for failure to state a claim as a motion for summary judgment. The parties having been given opportunity to file supplemental memorandums and affidavits and there being no genuine issue as to any material fact, this Court concludes that entry of judgment is appropriate.

Defendant contends that, regardless of whether the two year statutes of limitation of Texas or Arizona or the one year statute of limitations of California is applied, the complaint must be dismissed since the First Amended Complaint was filed more than two years after the accident. In support of this contention, defendant argues first that there is no relation back under F.R.Civ.P. 15(c) since there had been no notice of the original complaint to the defendant named in the amended complaint. Defendant also asserts that even if the filing of the original complaint tolled the statute of limitations, the complaint should be dismissed by reason of plaintiffs' lack of diligence in having the complaint served. Plaintiffs contend that pursuant to F.R. Civ.P. 15(a) they are entitled to file an amended pleading once as a matter of course. They also argue that the effect of correcting in the amended complaint the transposition of defendant's name, which was so transposed in the original complaint, does not have the effect of adding a party to which the notice requirements of F.R.Civ.P. 15(c) are to be applied. Finally, plaintiffs say that there has been no lack of diligence on their part in obtaining service on defendant which would entitle defendant to a dismissal. No conflict of laws question pertaining to which state law is to be applied is raised by the parties.

The issue thus presented is whether the filing of a complaint tolls the statute

of limitations when before service on defendant, and before a responsive pleading is filed, the original complaint is amended to correct a transposition in the name of a single defendant.

■ No authority is offered which specifically deals with this question. There are cases, however, which allow substitution of a party even after running of a statute of limitations. 6 Wright & Miller, Federal Practice and Procedure, § 1474 at 386 n. 9. Furthermore, Wright also takes the position that "when an amendment merely involves correcting a misnomer and does not entail the actual 'changing' of the parties, it should be allowed as a matter of course as long as it satisfies the first sentence of Rule 15(c) and without regard to the special requirements of the subdivision." 6 Wright & Miller, *supra*, § 1498 at 513. In pertinent part, F.R. Civ.P. 15 provides:

(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

\* \* \* \* \* \*

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency of officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Considering these authorities, along with the general philosophy underlying the federal rules that amendments are to be freely given when justice requires, this Court holds that filing an amended complaint which corrects the transposition of the name of defendant before service of the original complaint on defendant will toll the statute of limitations when there is no showing of a lack of diligence on the part of plaintiff in ascertaining the correct name of defendant and if the filing of the original complaint otherwise would toll the statute.

In the case at hand, plaintiffs amended their complaint to correct the misnomer twenty days after filing the original complaint. An unrefuted affidavit submitted on behalf of plaintiff indicates that the knowledge of the possible transposition of defendant's name was not known until January 1972 after the filing of the lawsuit. Thus, amending the complaint to cure the transposition

twenty days after filing the complaint shows no lack of diligence on the part of plaintiff. Furthermore, this Court holds that there is no need to apply the requirements of F.R.Civ.P. 15(c) to this situation where there has been a timely and diligent filing of an amended complaint pursuant to F.R.Civ.P. 15(a).

■ ■ This Court is further convinced that whatever possible law may be applied for conflict of law purposes, the filing of the original complaint on December 30, 1971 tolled the statute of limitations. It is true that where there is a state created cause of action, the filing of a complaint may not toll the statute. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), reh. denied 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513 (1949). However, in Texas it appears that the statute would be tolled so long as there is reasonable diligence on the part of plaintiffs in obtaining service. Pacific Emp. Ins. Co. v. Parry Navigation Co., 195 F.2d 372 (5th Cir. 1952). The federal rule is similar in requiring diligent attempts to serve the defendant. See e. g., Elizabethtown Trust Co. v. Konschak, 267 F.Supp. 46 (E.D.Pa. 1967). In Arizona, Arizona Rule of Civil Procedure 6(f), 16 A.R.S., permits service of process anytime within one year after filing of the complaint. There is also specific authority to support refusing to dismiss where, under circumstances similar to the one at hand, a complaint was filed the day before the expiration of the statute of limitations and service was not had for nine months from the date of filing. Taylor v. Superior Court, 13 Ariz.App. 52, 474 P.2d 59 (1970). See also, Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78 (1963).

Thus, under the circumstances of this case, there is no justifiable basis for dismissing the complaint. There has been no showing of a lack of diligence on the part of plaintiff in obtaining service, service having been made within five months of filing the complaint. Therefore, for all the foregoing reasons,

It is ordered the motion to dismiss is denied.