643 P.2d 701

Dino DICENSO and Kathleen Dicenso, his wife, Appellants,

v.

BRYANT AIR CONDITIONING CO., A DIVISION OF CARRIER CORPORATION, a Delaware corporation, Appellee.

No. 15343.

Supreme Court of Arizona, In Division.

March 25, 1982.

Gregory R. Jordan, Phoenix, for appellants.

Gray, Plant, Mooty, Mooty & Bennett by Edward F. Lowry, Phoenix, for appellee.

GORDON, Vice Chief Justice:

The trial court granted defendant-appellee's motion to dismiss plaintiffs-appellants' complaint. The appeal seeks reversal of the denial of appellants' motion to set aside the dismissal. We have accepted jurisdiction pursuant to Ariz.Const. Art. 6, § 5(3) and Ariz.R.Civ.App.P. 19(e).

The events giving rise to appellants' claim occurred in October, 1969. In December, 1972, appellants, naming several defendants, filed a complaint. This complaint alleged several causes of action and specifically alleged a breach of warranty claim against appellee.

Appellants subsequently amended the complaint as follows:

| February 15, 1974 | Amended Complaint |
| November 27, 1974 | Second Amended Complaint |
| September 5, 1975 | Third Amended Complaint |
| October 7, 1975 | Fourth Amended Complaint |

1. "Summons and service; abatement of action.
   "An action shall abate if the summons is not issued and served, or the service by publication

Appellee, although named as a defendant in all of the complaints, was not served until October 8, 1975, some six years after the claim arose and three years after the initial complaint was filed.

After appellee was served with notice, it moved in November, 1975 to dismiss the fourth amended complaint arguing that the statute of limitations had run. The affirmative defense of statute of limitations may be raised by motion in Arizona if it appears from the face of the complaint that the claim is barred. *Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964); *Engle Bros. Inc. v. Superior Court*, 23 Ariz.App. 406, 533 P.2d 714 (1975). This motion was denied. Appellee again moved for dismissal on a statute of limitations basis in February, 1976. The second motion was granted and the complaint dismissed with prejudice on March 23, 1976. It was not until March, 1979 that appellants awoke from their slumber and moved to set aside the dismissal. It is the denial of this motion that appellants now appeal.

The initial complaint was filed timely under the applicable statute of limitations. See A.R.S. § 44–2404 (providing a four-year statute of limitations for U.C.C. breach of warranty). The subsequent amended complaints relate back to the time of the first complaint and, therefore, are also timely. Ariz.R.Civ.P. 15(c). Appellee's motion to dismiss, therefore, could not properly be granted on statute of limitations grounds. We find, however, the dismissal was proper on other principles.

This would be a much simpler case had appellee, upon being served, moved to dismiss the action because it had abated. Ariz.R.Civ.P. 6(f).[1] Appellee's failure to raise the defense of abatement constitutes a waiver of this defense, and appellee was precluded from arguing abatement in its subsequent pleading, the second motion to dismiss. *Snow v. Steele*, 121 Ariz. 82, 588 P.2d 824 (1978).

commenced within one year from the filing of the complaint."

The issue now before this Court is whether in a properly commenced action[2] failure to prosecute by not serving a named defendant until three years after the initial complaint is filed is proper. We answer in the negative.

In cases similar to this the Arizona Court of Appeals has held that plaintiffs must exercise reasonable diligence in commencing *and prosecuting* actions. *Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973); *Taylor v. Superior Court,* 13 Ariz. App. 52, 474 P.2d 59 (1970). Due diligence is defined as: (1) service within a year of the filing of the action; or (2) if service is not within the year, the exercise by plaintiff of reasonable diligence in prosecuting an action. Under this test service any time within the one year period following the filing of the action is diligent. Ariz.R. Civ.P. 6(f). Beyond the one year period reasonable diligence must be used in serving a named defendant.

"[I]nsofar as concerns the question of the exercise of reasonable diligence in the issue and service of summons, Rule 6(f) furnishes a fixed minimum standard. Prior to the expiration of the one year period by that Rule, there can be no dismissal based upon a failure to have summons issued and served. After the expiration of that period, it becomes a question * * * whether or not plaintiff has exercised reasonable diligence in prosecuting the action."

*Taylor,* 13 Ariz.App. at 54–55, 474 P.2d at 61–62.

■ The controlling statute of limitations in *Taylor* and *Safeway*[3] uses the terminology commence *and prosecute.* The controlling statute of limitations in the instant case, A.R.S. § 44–2404, demands that "[a]n action for breach of any contract for sale must be *commenced* within four years after the cause of action has accrued."

(Emphasis added.) We hold that although A.R.S. § 44–2404 does not explicitly state that reasonable diligence must be practiced in prosecuting civil actions it is implied from the language of the statute and the very purpose of having a statute of limitations. The rationale of imposing maximum time limits for bringing claims is to prevent persons from instituting legal actions years and even decades after an occurrence. We cannot demand that unknown numbers of prospective defendants be subject to litigation for all of their actions forever.

"The policy underlying the statute of limitations is primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded. This policy is sound and necessary for the orderly administration of justice."

*Brooks v. Southern Pacific Co.,* 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970).

■ The appellants in the instant case filed the action three years after the event and did not serve a named defendant for another three years. These actions run afoul of the second requirement of timely service, that a litigant exercise reasonable diligence in prosecuting a case. Appellants successfully served several of the other named defendants after the first complaint and the subsequent amendments. Appellants have not offered any excuse for the dilatory service and apparently had not made any previous effort to serve the appellee.

Appellants have not exercised reasonable diligence in serving appellee and, therefore, the dismissal and the denial of the motion to set aside the dismissal are affirmed.

HOLOHAN, C. J., and HAYS, J., concur.

2. Ariz.R.Civ.P. 3: "Commencement of action. "A civil action is commenced by filing a complaint with the court."

3. A.R.S. § 12–542 provides "Except as provided in §§ 12–551 and 12–564 there shall be commenced *and prosecuted* within two years after the cause of action accrues, and not afterward," certain enumerated injuries. (Emphasis added.)