NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EZEKIEL OPUROKU, *Plaintiff/Appellant,*

*v.*

ARIZONA STATE BOARD OF NURSING, *Defendant/Appellee.*

No. 1 CA-CV 19-0699

FILED 11-24-2020

Appeal from the Superior Court in Maricopa County
No. LC2018-000301-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Ezekiel Opuroku, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Raine
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

**T H U M M A**, Judge:

¶1 Ezekiel Opuroku appeals the superior court's order affirming the decision of the Arizona State Board of Nursing (Board) revoking his nursing license. Because Opuroku has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2001, Opuroku was licensed by the Board as a practical nurse. In 2006, he entered a consent agreement with the Board that placed his license on probation and required him to abstain from drugs and alcohol and participate in substance abuse treatment. Opuroku did not comply with those requirements. Opuroku then agreed, in a second consent agreement, to a suspension of his license. When Opuroku did not comply with the second consent agreement, the Board revoked his license.

¶3 In 2010, Opuroku was licensed by the Board as a registered nurse pursuant to another consent agreement that imposed employment restrictions and required him to abstain from drugs and alcohol and submit to drug testing. Over the next seven years, Opuroku continued using drugs and alcohol and repeatedly failed to submit to required drug testing. He did not disclose to the Board that he was convicted of two counts of driving under the influence and failed to comply with provisions of the consent agreement that required his supervisor to acknowledge receipt of the consent agreement and submit written, quarterly evaluations to the Board. He also failed to appear for a required 2017 Board interview.

¶4 In February 2018, the Board issued a complaint and notice of hearing requesting that the Office of Administrative Hearings (OAH) conduct a formal hearing to determine whether grounds existed for the Board to discipline Opuroku based on his failure to comply with the 2010 consent agreement. Opuroku did not appear at the hearing. The Administrative Law Judge (ALJ) determined the Board's mailing of the complaint and notice of hearing to Opuroku's address of record was reasonable and that Opuroku was deemed to have received notice. After considering the Board's evidence, the ALJ issued a recommended decision that the Board revoke Opuroku's license. The Board adopted the ALJ's recommended decision and revoked Opuroku's license, later denying his motion for rehearing.

¶5 Opuroku appealed to the superior court for review of the Board's decision, arguing (1) he was denied due process because the

Board's method of serving the complaint and notice of hearing did not comply with the law, (2) the OAH and the Board lacked jurisdiction to revoke his license, (3) the complaint and notice of hearing were defective because they were unsigned and unverified and (4) the Board refused to poll its members before they voted on his motion for rehearing. The court affirmed the Board's decision, concluding that Opuroku had actual notice of the hearing, the Board had jurisdiction over his license, the complaint and notice of hearing were not required to be signed, and the Board was not required to poll its members.

**¶6**        This court has jurisdiction over Opuroku's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-913 (2020)[1] and Arizona Rules of Procedure for Judicial Review of Administrative Decisions 13. *See also Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533 ¶ 13 (App. 2014) (interpreting A.R.S. § 12-913 as permitting an appeal to this court).

## DISCUSSION

**¶7**        In reviewing an administrative decision, the superior court examines whether the challenged action was illegal, arbitrary, capricious or involved an abuse of discretion. *Comm. for Justice & Fairness v. Ariz. Sec'y of State's Office*, 235 Ariz. 347, 351 ¶ 16 (App. 2014). This court will uphold the superior court's decision if the record contains evidence to support it, but reviews questions of law de novo. *Id*. at 351 ¶ 17.

## I.    The Board Did Not Deny Opuroku His Due Process Rights.

**¶8**        Opuroku asserts the Board denied him due process by failing to give him proper notice of the administrative hearing. A professional licensee maintains a property interest in his or her license, and the Board must afford due process before curtailing that right. *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106 ¶¶ 18–19 (App. 1999). Due process generally requires "notice and an opportunity to be heard" in a meaningful manner and at a meaningful time. *Id*. at 106–07¶ 20 (citation omitted). The party asserting a denial of due process must show prejudice to demonstrate reversible error. *See Cty. of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 598, ¶ 12 (App. 2010).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶9** Notice of an administrative hearing must be "served by personal delivery or certified mail, return receipt requested, *or by any other method reasonably calculated to effect actual notice* on the agency and every other party to the action to the party's last address of record with the agency." A.R.S. § 41-1092.04 (emphasis added). Opuroku argues the Board did not satisfy this obligation because it sent the complaint and notice of hearing to him via certified mail and it was returned unclaimed.

**¶10** Due process required the Board to "do more" when its attempted notice is returned and "there was more that reasonably could be done." *Jones v. Flowers*, 547 U.S. 220, 238 (2006); *cf. In re $46,523 in U.S. Currency*, 244 Ariz. 351, 354–55 ¶¶ 13, 18 (App. 2018) (determining that state's failure to attempt other means of service — including first class mail — after a certified mailing was returned deprived claimants of due process in forfeiture proceeding). The Board's legal assistant testified that in addition to sending the complaint and notice of hearing via certified mail, she also mailed the documents to Opuroku via first class mail and they were not returned. Further, there was evidence that the Board communicated the date and time of the administrative hearing to Opuroku via email, and Opuroku conceded at the superior court hearing that he was aware of the administrative proceeding and the hearing date.

**¶11** The superior court found the Board had communicated the date and time of the hearing to Opuroku by other means reasonably calculated to give him actual notice and found his assertion that he was unaware of the complaint and notice of hearing not credible. The court also determined Opuroku received actual notice of the hearing and therefore suffered no prejudice from the Board's method of service. These findings are supported by the evidence, and Opuroku has shown no abuse of discretion in the court's determination. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (stating appellate court "must give due regard to the trial court's opportunity to judge the credibility of the witnesses" and will not re-weigh conflicting evidence).

**¶12** The court similarly did not err in ruling that the Board was not obliged to comply with the service requirements of the Arizona Rules of Civil Procedure in the administrative proceeding. In Arizona, service of documents related to administrative hearings is governed by statute and administrative rules, not the rules of court. *See* A.R.S. § 41-1092.02(B) (stating ALJ shall conduct an administrative hearing under statutory procedural rules and rules made by the director of the OAH); A.R.S. § 41-1092.04 (setting forth the service requirements for administrative

proceedings); Ariz. Admin. Code (A.A.C.) R2-19-108(E), (F) (providing rules for serving documents filed with the OAH).

## II.    Opuroku Has Not Shown the Board Lacked Jurisdiction.

**¶13**        Opuroku next contends the Board's complaint was invalid because it was not signed, and the Board therefore lacked jurisdiction to revoke his license. The superior court ruled that Opuroku waived this issue by failing to raise it in the administrative proceeding, but nevertheless found Opuroku had failed to establish that the Board lacked jurisdiction, noting that Arizona law does not require an administrative complaint and notice of hearing to be signed.

**¶14**        The administrative complaint and notice of hearing were not invalid because they were not signed; a signature is not required under Arizona law. *See* A.R.S. §§ 41-1092.03(A) and -1092.05(D). Although filed documents are expected to be signed, *see* A.A.C. R2-19-108(D), the OAH does not declare unsigned documents invalid or insufficient to establish jurisdiction. The case law Opuroku relies on, *Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz. App. 210, 212–13 (1973), does not apply because it concerned a judicial, not administrative, proceeding.

**¶15**        The Board also had jurisdiction over Opuroku because it may investigate regulated parties and "limit, revoke or suspend the privilege of a nurse to practice in this state." A.R.S. § 32-1606(C)–(D); *see also* A.R.S. § 32-1606(B)(10) (nursing board may "[d]etermine and administer appropriate disciplinary action against all regulated parties who are found guilty of violating" applicable statutes or rules). Finally, Opuroku agreed in the 2010 consent agreement that the Board would have continuing jurisdiction if it filed a complaint against him.

## III.    Opuroku Has Shown No Error Regarding Polling of the Board

**¶16**        Opuroku contends that the Board improperly failed to poll its members before voting on his motion for rehearing, raising the specter of potential bias among the Board members. The superior court rejected this argument, noting Opuroku presented neither evidence nor legal arguments to support his position.

**¶17**        The Board considered Opuroku's motion for rehearing and review of the order revoking his license at a special Board meeting. Opuroku's counsel was present at that special Board meeting and asked the Board members to "conduct a separate vote regarding whether they had received 92 pages of legal materials." The Board President stated they had

received the materials and declined to conduct a separate vote on that issue. The Board voted unanimously to deny the request for rehearing and review.

**¶18**         Opuroku admits that no statute or administrative rule requires the Board to poll its members before voting on a motion for rehearing. Opuroku's request that the Board poll its members addressed whether they had received certain materials, and therefore would not have revealed any potential biases. Nevertheless, he speculates that the Board members did not receive certain materials, which might indicate undisclosed biases. Opuroku has shown no error in the court rejecting this argument. Board members are presumed to be fair and impartial and Opuroku did not offer any evidence of bias or prejudice. *Emmett McLoughlin Realty, Inc. v. Pima Cty.*, 212 Ariz. 351, 357 ¶ 24 (App. 2006) ("All decision makers, judges and administrative tribunals alike, are entitled to a presumption of 'honesty and integrity,'" and the party asserting bias bears the burden of rebutting the presumption of fairness and showing actual bias; "mere speculation regarding bias will not suffice") (citing *Pavlik v. Chinle Unified Sch. Dist. No. 24*, 195 Ariz. 148, 154 ¶ 24 (App. 1999)).

## IV.    Other Issues Opuroku Seeks to Raise Do Not Show Reversible Error.

**¶19**         Opuroku seeks to assert several other issues, none of which constitute reversible error. He suggests the Board violated his due process rights by revising its complaint after the hearing and insists the decision to revoke his license was excessive, but he waived these issues by failing to develop them in his briefs on appeal. *See Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 418 ¶ 11 (App. 2010) (ruling that issue was waived because it was "wholly without supporting argument or citation to authority"). Opuroku also argues his counsel was ineffective and did not properly represent him or keep him informed about the case. However, the remedy for ineffective assistance of counsel in a civil matter does not include post-judgment relief. *Glaze v. Larsen*, 207 Ariz. 26, 32 ¶ 20 (2004). This court will not consider Opuroku's argument — first raised in his reply brief on appeal — that the Board's decision was not supported by substantial evidence. *Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91 (App. 2007) (holding that appellate court will not consider arguments made for the first time in a reply brief on appeal). Finally, Opuroku presents no authority for his request that this court search the record for fundamental error.

## CONCLUSION

**¶20** The superior court's order affirming the decision of the Arizona State Board of Nursing to revoke Ezekiel Opuroku's nursing license is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

7